# CIRCUIT COURT OF FAIRFAX COUNTY

Alexy Abdo

v.

Robert J. O'Neill, Jr.

November 2, 1998

Case No. (Law) 175122

BY JUDGE ARTHUR B. VIEREGG

The captioned case came before this court on Friday, October 30, 1998, upon the appeal of Alexy Abdo from the determination of the County Executive that his contention that the Department's failure to permit him to rescind his July 27, 1998, resignation constituted a constructive dismissal was without merit and not grievable. A hearing was held pursuant to Va. Code § 15.2-1507 (Michie 1997).

The record reflects that, according to the Chief of Police, on July 27, 1998, Mr. Abdo met with his superior, Captain Rudat. Ex. 6. Captain Rudat informed Mr. Abdo that he was being reassigned to a non-patrol position pending "several" administrative investigations related to his alleged misconduct. *Id.* Mr. Abdo asked Captain Rudat what consequences might ensue. *Id.* Captain Rudat declined to discuss any recommendations which might be made, but a discussion with regard to Mr. Abdo's career options followed. *Id.* In the course of that discussion, Captain Rudat and Mr. Abdo discussed other career options which Mr. Abdo might pursue. Mr. Abdo then expressed his intention to resign, and he submitted his written resignation.*Id.* The next day, Mr. Abdo informed the Department that he wished to withdraw his resignation. Ex. 7. The Department elected not to permit him to do so.

Mr. Abdo subsequently appealed this decision, contending that he "was compelled to resign under duress and threat of serious discipline." Ex. 3. He contended that the Americans with Disabilities Act and the County's rules and regulations had been violated and further that he had suffered discrimination from "a perceived disability" even though he "had been found fit for duty one

week earlier." Ex. 6. Mr. Abdo's complaint was denied by the County as not being grievable, since Mr. Abdo had resigned. Ex. 2.

At the October 30 hearing, Mr. Abdo's counsel, Ms. Bell, admitted *pro hac vice*, argued that Mr. Abdo had been constructively discharged and therefore he had standing to file a grievance. Ms. Bell did not question the facts set forth in the record, except that Mr. Abdo had been emotionally distraught at the meeting and further that Captain Rudat interjected the subject of resignation by handing Mr. Abdo a resignation form.

At the October 30 hearing, Mr. Abdo, by counsel, argued only that Mr. Abdo's resignation constituted a constructive dismissal, essentially because Mr. Abdo was emotional in the meeting and because his superior had first broached the subject of resignation.[1] Mr. Abdo, however, does not contend that he was mentally ill and in his notice of appeal made plain that a mental examination had cleared him for police duty. Nor did either Mr. Abdo or his counsel contend that the complaints made against him were groundless or invented to force his resignation. Mr. Abdo's decision to resign, albeit made when he was emotionally wrought up, was his own decision, competently made, in the face of an appropriate investigation of his misconduct.

At the October 30 hearing, Mr. Abdo relied on the decision of the Fourth Circuit Court of Appeals, *Bristow v. Daily Press, Inc.*, 770 F.2d 1251 (4th Cir. 1985), in which constructive discharge was defined as occurring when an employer deliberately makes an employee's working conditions intolerable and forces him to quit. *Id.* at 1255. Two elements must be shown: intention to force resignation and intolerable working conditions. The latter is satisfied if the former employee can demonstrate that "a reasonable person' in the employee's position would have felt compelled to resign." *Id.* And, it may not be based on the employee's subjective perception. *Id.* The record and the facts advanced by his counsel in oral argument do not satisfy either prong of the Fourth Circuit test. Mr. Abdo's contention that his superior intended to cause his dismissal is not supported by any evidence other than the fact he afforded him a resignation form after a discussion of Mr. Abdo's pending misconduct charges. That lone act is denied, but even if accepted as true, it falls short of evidence necessary for a court to conclude that Mr. Abdo's superior intended to force his resignation. But even if the superior harbored such an unexpressed

---

[1] Mr. Rudat denies that assertion; and at the October 30 hearing, Mr. Rudat was prepared to testify to that effect.

intention, the record otherwise fails to demonstrate that a reasonable person would have "felt compelled to resign."

This court concludes in accordance with Virginia Code § 15.2-1507(A)(9)(a) (Michie 1997) that no additional evidence is necessary and that the County Executive's denial of Mr. Abdo's appeal should be affirmed.