# CIRCUIT COURT OF THE CITY OF RICHMOND

Selina Deale

v.

City of Richmond

February 25, 2000

Case No. LL-111-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal by the former Program Manager of the Richmond Animal Shelter from a determination that her employment complaint does not qualify as a grievance under the city's personnel rules. At issue is whether the city's demotion of the employee, Selina Deale, is grievable. The court holds that it is.

By letter from the Acting Director of Public Health dated October 15, 1999, Deale was told she had three options: she could accept a demotion to the position of Administrative Analyst at an annual salary $13,000 less than her salary as Program Manager; she could agree to an "amicable departure" from her employment with the city; or she could be fired. Specifically, the letter stated:

> As I discussed with you last month, the City is offering you the position of Administrative Analyst at the salary of $36,270, which is a generous offer. As you know, a business decision was made not to return you to the Program Manager position at the Animal Shelter. The other alternative would be arrangement of an amicable departure with severance. Both of these options are voluntary for you.
>
> If you do not accept either of these two options, the City will have no other choice but to pursue an involuntary alternative in the form of a separation.

It is the city's position that because Deale's demotion was "voluntary," she cannot file a grievance about it. The court disagrees.

Section 7.4 of the city's Personnel Rules for the Classified Service, which the parties agree are applicable to Deale, defines a grievance as "a complaint or dispute by an employee relating to his employment, including but not limited to (i) disciplinary actions, including dismissals, disciplinary demotions … (v) **performance demotion** … ." Bold type in original.[1] The court holds that Deale's demotion was disciplinary or performance-related.

In her written grievance filed with the city, Deale states that her demotion was "an involuntary demotion which[] was actually a disciplinary or performance demotion due to the controversy over the Animal Shelter."[2] The city claims that the demotion was not disciplinary or performance-related. What the court finds interesting about the city's position is not that the city claims Deale's demotion was not disciplinary or performance-related, since that is precisely what the city *must* claim in order to argue that her complaint is not grievable. What the court finds interesting about the city's position is that the city does not say *what* the basis of Deale's demotion was, other than that it was a "business decision" that was "generous" and "voluntary." None of that, however, makes any difference. The court hopes that all of the city's employment decisions, those that are grievable as well as those that are not grievable, are business decisions. Without knowing all of the facts leading up to the demotion, the court cannot say whether it was or was not generous. Whether it was or was not generous, however, is also irrelevant, as is whether or not it was voluntary. The only fact that is relevant is whether the demotion was disciplinary or performance-related.

There are many reasons employees are demoted other than reasons that are disciplinary or performance-related. There are reductions-in-force. There was no reduction-in-force here. There are reorganizations of offices and departments. There was no reorganization of an office or department here. Employees request demotions to secure different hours or lighter workloads.

---

[1] The court does not know why the words "performance demotion" are italicized and in bold type, but suspects it is because the specific inclusion of performance demotions as grievable matters is a change from an earlier version of the Rules. In any event, performance demotions have been specifically grievable since October 1, 1996, which is well before the events at issue here.

[2] From media reports and a previous lawsuit, the court knows that a controversy has existed, and does exist, regarding the city's animal shelter. No evidence about that controversy is contained in the record of this case, however, and the merits of that controversy are irrelevant to the court's decision.

Deale did not request different hours or a lighter workload. In fact, the city has offered absolutely no explanation for Deale's demotion other than the October 15, 1999, letter quoted above. And while no details of the earlier discussion referred to in that letter have been provided to the court by the city, the court does not believe that Deale just decided one day to go into her supervisor's office and "voluntarily" request that she be given the choice of a $13,000 per year demotion, an "amicable" resignation, or termination. The fact is that no matter how repeatedly and vociferously the city says that Deale's demotion was not disciplinary or performance-related, it has failed to give even a hint of any other reason for its action. Accordingly, Deale's allegation that her demotion was disciplinary or performance-related stands unchallenged, and her demotion is grievable.

The city also argues that even if Deale's demotion *was* disciplinary or performance-related, it is not grievable because it was voluntary. If that were true, no grievance could *ever* be filed with respect to *any* performance demotion. This is true because all performance demotions are every bit as voluntary as Deale's demotion. Just as Deale had the option of being demoted, resigning, or being fired, *every* employee faced with the prospect of a demotion — disciplinary, performance-related, or otherwise — has the option of accepting it, resigning, or being fired. The October 15, 1999, letter to Deale merely put into words what every employee is explicitly or implicitly told in every such case: accept the demotion, resign, or be fired. The City of Richmond has specifically provided that disciplinary and performance demotions are grievable. It makes no difference whether they are, or are not, voluntary.

The two cases cited by the city in support of its position are not applicable here. In each of those cases, *Rust v. City of Winchester*, 47 Va. Cir. 252 (City of Winchester 1998), and *Abdo v. O'Neill*, 47 Va. Cir. 307 (Fairfax County 1998), the only issue before the court was whether a former employee's resignation was voluntary. In *Rust*, the court held that such issue was a factual one that had to be decided by a grievance panel. If the panel decided that the resignation was voluntary, the inquiry was to end, "because voluntary resignations are not grievable." 47 Va. Cir. at 258. If the panel found that the resignation was not voluntary, "that is tantamount to his being discharged, in which case the grievance panel shall proceed to hear Rust's grievance ... ." *Id.* In *Abdo*, the court held that the former employee had resigned voluntarily and, thus, that his complaint concerning his resignation was not grievable. As discussed above, the issue in the case at bar is not whether Deale's demotion was voluntary, but whether it was disciplinary or performance-related.

Finally, the city's written decision finding Deale's complaint not grievable also states that the relief sought by Deale in her written submission is not something the Personnel Board can grant. That may be true. It does not, however, prevent Deale's complaint from being grievable. The Personnel Board will decide the facts and, if appropriate, award relief allowed by law. The fact that Deale asked for more or less relief than the Board can grant is not dispositive.